IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 4, 2014 Session

## CHRISTINA A. BROWN, ET. AL. v. MARISOL JUAREZ, ET. AL.

**Appeal from the Circuit Court for Blount County**
**No. L16043    Hon. David Reed Duggan, Judge**

_____

**No. E2013-00979-COA-R3-CV-FILED-APRIL 10, 2014**

_____

This appeal involves Plaintiffs' motion to set aside an order to dismiss for failure to prosecute in a personal injury action. The trial court denied the motion. Plaintiffs appeal. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J. and THOMAS R. FRIERSON, II, J., joined.

Carl R. Ogle and C. Scott Justice, Jefferson City, Tennessee, for the appellants, Christina A. Brown, individually and as next friend of Joshua S. Brown and Jaleigh J. Brown, and Daniel Robert Nevins, personal representative for the Estate of Barbara Ann Monnett.[1]

Joseph M. Huffaker and John C. Howell, Nashville, Tennessee, for the appellees, Marisol Juarez, Advance Auto Parts, Inc., and Advance Stores Company.

**OPINION**

**I. BACKGROUND**

Christina A. Brown, Barbara Ann Monnett, Joshua S. Brown, and Jaleigh Brown (collectively "Plaintiffs") filed suit against Marisol Juarez, Advance Auto Parts, Inc., and Advance Stores Company (collectively "Defendants") for injuries they sustained in a traffic accident that occurred on November 8, 2007. The case proceeded throughout the discovery

_____

[1]Barbara Ann Monnett passed away during the pendency of the appeal.

stage without incident until 2009, when all activity on the case appeared to cease. Apparently aggrieved by the lack of progress in the case, Defendants filed a two-page motion to dismiss for failure to prosecute on September 13, 2012. Immediately following the signature line on the second page, the following notice was provided:

**NOTICE OF HEARING**

**THIS MOTION IS EXPECTED TO BE HEARD ON MONDAY, OCTOBER 8, 2012, AT 9:00 A.M. IN THE CIRCUIT COURT FOR BLOUNT COUNTY, TENNESSEE. FAILURE TO FILE A TIMELY RESPONSE AND SERVE A WRITTEN RESPONSE TO THIS MOTION WILL RESULT IN SAID MOTION BEING GRANTED WITHOUT FURTHER NOTICE AND COUNSEL OR PRO SE LITIGANT NEED NOT APPEAR IN COURT AT THE TIME AND DATE SCHEDULED FOR THE HEARING.**

The trial court granted the motion to dismiss when Plaintiffs failed to appear at the hearing. The record reflects that the motion with the attached notice of hearing had been mailed to only one of the attorneys of record designated by Plaintiffs.

Plaintiffs filed a motion to set aside the order dismissing the case. Carl R. Ogle, Jr., an attorney of record in the case, conceded that he had received the motion to dismiss and that he simply overlooked the notice of hearing. He asserted that the notice was ineffective because it had only been sent to one of the attorneys of record and that the dismissal should be set aside because his failure to appear was excusable neglect. The trial court denied the motion. This timely appeal followed.

## II. ISSUES

We consolidate and restate the issues raised on appeal by Plaintiffs as follows:

A. Whether the notice sufficiently apprised Plaintiffs of the hearing on the motion to dismiss.

B. Whether the trial court erred in denying the motion to set aside the order of dismissal.

### III. STANDARD OF REVIEW

It is clear from the record that Plaintiffs sought relief pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure even though the motion to set aside was filed within 30 days of the order of dismissal. We review a trial court's award or denial of relief pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure under an abuse of discretion standard. *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Ferguson v. Brown*, 291 S.W.3d 381, 386 (Tenn. Ct. App. 2008). Unless the trial court abused its discretion, its ruling on such motions may not be reversed on appeal. *Id.* A trial court abuses its discretion only when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999).

Our review of the record is de novo with the presumption that the trial court's factual findings are correct. We will honor those findings unless the evidence preponderates against them. Tenn. R. App. P. 13(d); *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995). The presumption of correctness does not attach to the trial court's conclusions of law. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).

### IV. DISCUSSION

#### A.

Plaintiffs assert that the notice of hearing was insufficient because it failed to apprise them of the impending hearing and because it was sent to only one of the attorneys of record. They claim that the notice violated the local rules of practice and the fundamental requirements of due process because it was crafted in a calculated effort to conceal the hearing date. They ask this court to adopt the various suggested forms found in the Tennessee Practice Series. Defendants respond that the notice was a proper means of notification that was provided within sufficient time to allow Plaintiffs to respond. They claim that the suggested forms of notice are not required by law and that requiring litigants to adhere to a specific form would place an undue burden upon parties to litigation.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted). "The means employed must be such as one desirous of actually

informing the absentee might reasonably adopt to accomplish it." *Id.* at 315. In keeping with that standard, the local rules for the 5th Judicial Circuit provide,

> In Circuit Court, Law Division, motions filed without a notice of hearing date shall be assigned a hearing date by the Clerk. If the date is not agreeable, it may be reset by agreement of all parties and counsel by contacting the Judge's secretary and arranging for an alternate hearing date. Motions may be heard on any motion day by agreement of counsel. *If no agreement can be reached, counsel desiring to have a motion heard may set the matter by giving opposing counsel five (5) days' written notice, Saturdays, Sundays and holidays excluded. All hearing dates for motions except for hearing dates set by the Clerk shall be first confirmed with the judge's secretary and then confirmed in writing to the Judge's secretary with a copy to opposing counsel or the opposing party if pro se.*

(Emphasis added).

Defendants urge this court to adopt the suggested forms provided in the Tennessee Practice Series. We decline to adopt such a rule because we believe that the local rules and the fundamental requirements of due process relative to notice provide sufficient guidelines for practitioners to follow. A review of the record reveals that the notice sufficiently apprised counsel of the date and time for the hearing. Additionally, the notice was provided to opposing counsel within the relevant time frame required by the local rules of practice. Given that the hearing proceeded as scheduled, the hearing date was also likely confirmed by the judge's secretary. While Plaintiffs complain that they did not receive a copy of the confirmation, we decline to hold that failure to receive a copy of scheduling correspondence invalidates a notice of hearing. We acknowledge that two attorneys were listed as representatives and that only one attorney received the notice. The record reflects that Mr. Ogle was primarily the attorney involved in correspondence and that Mr. Justice had not filed a document on behalf of Plaintiffs since December 20, 2007. Indeed, Mr. Justice failed to even join in the motion to set aside the order of dismissal. With these considerations in mind, we hold that the notice sufficiently apprised Plaintiffs of the hearing date and was compliant with the relevant requirements.

B.

Plaintiffs assert that the trial court erred by failing to set aside the order of dismissal. They claim that their failure to appear or respond was excusable neglect pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. Defendants respond that counsel's conduct

-4-

failed to meet the standard of excusable neglect. They note that counsel was provided several weeks in which to respond to the motion to dismiss but simply failed to take action.

A final judgment may be set aside pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure when

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud [ ], misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Relief under this rule is considered "an exceptional remedy." *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992). The function of the rule is to "strike a proper balance between the competing principles of finality and justice." *Banks v. Dement Constr. Co., Inc.*, 817 S.W.2d 16, 18 (Tenn. 1991) (quoting *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976)). "Rule 60.02 is meant to be used only in those few cases that meet one or more of the criteria stated." *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991).

Plaintiffs argue that their failure to appear and to respond was due to "mistake, inadvertence, surprise or excusable neglect." Tenn. R. Civ. P. 60.02(1). A party seeking relief from a final judgment under Rule 60.02 bears the burden of offering proof of the basis upon which relief is sought. *Henry v. Goins*, 104 S.W.3d 475, 482 (Tenn. 2003). The movant must "set forth in a motion or petition and supporting affidavits facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect." *Tennessee State Bank v. Lay*, 609 S.W.2d 525, 527 (Tenn. Ct. App. 1980). "Because of the similarity between default judgments and dismissals, we find instructive those factors that are used to determine if a default judgment should be vacated under Rule 60.02(1)." *Henry*, 104 S.W.3d at 481. The factors at issue include: "(1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether the non-defaulting party would be prejudiced if relief were granted. *Id.* (citing *Tennessee Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985)). The trial court's findings based on a consideration of these factors are accorded great weight. *See Barbee*, 689 S.W.2d at 867 ("[T]he trial court is in the best position to assess the various factors that should be

considered in determining whether a default judgment should be vacated."). While Rule 60.02 is construed with liberality, the defaulting party must prove entitlement to relief pursuant to Rule 60.02. *Henry*, 104 S.W.3d at 481-82 (citing *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624-25 (Tenn. 2000)).

An absence of willfulness does not necessarily mean that the neglect was excusable because willfulness has not replaced the Rule 60.02(1) reason of excusable neglect. *Pryor v. Rivergate Meadows Apartment Assocs. Ltd. P'ship*, 338 S.W.3d 882, 886 (Tenn. Ct. App. 2009). "A recent Tennessee decision explained the relationship as follows: '[t]his approach has been to find that negligence, a form of neglect, may be excusable and to employ wilfulness as a critical factor in distinguishing neglect that is excusable from that which is not.'" *Id.* (quoting *World Relief Corp. of Nat'l Ass'n of Evangelicals v. Messay*, No. M2005-01533-COA-R3-CV, 2007 WL 2198199, at *7, n.9 (Tenn. Ct. App. July 26, 2009)).

While counsel was negligent in failing to appear or respond to the motion, his behavior cannot be characterized as a willful decision to ignore the motion and allow an order of dismissal to be entered against Plaintiffs. *McBride v. Webb*, No. M2006-01631-COA-R3-CV, 2007 WL 2790681, at *3 (Tenn. Ct. App. Sept. 25, 2007) (providing that willfulness includes a strategic decision and conduct that is more than mere negligence or carelessness but is egregious and not satisfactorily explained). However, his neglect was not excusable because he would have noticed the hearing date if he had simply read the motion in its entirety. Knowing that Defendants sought an order of dismissal against Plaintiffs, he also failed to even respond to the motion within a reasonable amount of time. With these considerations in mind, we conclude that Plaintiffs failed to carry their burden of proving entitlement to relief under Rule 60.02 of the Tennessee Rules of Civil Procedure.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed equally to the appellants, Christina A. Brown, individually and as next friend of Joshua S. Brown and Jaleigh J. Brown, and Daniel Robert Nevins, personal representative for the Estate of Barbara Ann Monnett.

_____
JOHN W. McCLARTY, JUDGE